UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
KHYREE MANSON,

                Plaintiff,

    -against-                                  **COMPLAINT**

THE CITY OF NEW YORK,
and JOHN DOES 1-3,
                                       **PLAINTIFF DEMANDS**
               Defendants.             **A TRIAL BY JURY**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

        Plaintiff Khyree Manson, by his attorneys, Lumer & Neville, as and for his Amended Complaint, hereby alleges as follows, upon information and belief:

## PARTIES, VENUE and JURISDICTION

        1.      At all times hereinafter mentioned, plaintiff, Khyree Manson, was an adult male resident of Kings County, within the State of New York.

        2.      At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

        3.      At all relevant times hereinafter mentioned, defendants John Does 1-5 are individuals whose identities are unknown at present and who were at all relevant times herein employed by the City of New York as members of the NYPD and members of the NYPD. The Doe defendants are sued in both their official and individual capacities.

        4.      This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331,

1343 and 1367, and 42 U.S.C. § 1983.

5.  Venue is properly laid, pursuant to 28 U.S.C. Section 1391, et seq., in the Eastern District of New York, where the plaintiff and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

### RELEVANT FACTS

6.  On March 20, 2011, at about 5:30 P.M., plaintiff was present at Public School 316, 750 Classon Ave in Kings County, New York. Plaintiff was with approximately fifteen other individuals for the purpose of shooting a music video.

7.  The defendants arrived at the scene. One marked police van pulled up as uniformed officers walked on to the scene, approaching Mr. Manson and his friends.

8.  Officers directed everyone to leave the area, and plaintiff complied with the defendants' demands.

9.  Despite the fact there was no probable cause to stop plaintiff, one of the officers (John Doe 1) ran after plaintiff, seized him, threw him violently to the ground, and struck him and allowed him to be struck by other officers (John Does 2-3).

10. Plaintiff was then handcuffed and arrested.

11. At no time did plaintiff resist the officers, refuse to comply with their commands, raise his voice, or act in a manner that could objectively be understood as unlawful or otherwise illegal.

12. Plaintiff was not in possession of any narcotics, weapons, or any other illegal substances or items.

13. Plaintiff was transported to a local area precinct in Kings County where arrest paperwork was completed by one of the Doe defendants under arrest number K11627371.

14. Plaintiff was later transported to Kings County Central Booking, where he was imprisoned for many more hours. Plaintiff was then summarily released without an explanation and without being charged.

15. At no time did there exist sufficient cause to seize or arrest the plaintiff, nor could the defendants have reasonably believed that such cause existed.

16. The arrest and imprisonment of plaintiff was objectively unreasonable.

17. At no time did there exist any basis to utilize any level of force against the plaintiff, meaning the chasing, much less the force actually employed, nor could any of the defendants have reasonably believed that such force was necessary.

18. At no time did either defendant take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

19. Plaintiff later met with members of the NYPD's Internal Affairs Bureau, and to identify the officers involved, and identified to IAB the officer who seized, assaulted, and arrested him.

20. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

21. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

22. Plaintiff repeats the allegations contained in paragraphs "1" through "24" above as though stated fully herein.

23. Defendants willfully and intentionally seized, searched, detained, and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

24. Defendants willfully and intentionally subjected plaintiff to physical force in excess of what was reasonable under the circumstances and caused plaintiff to suffer physical injuries, and did so without a reasonable basis to believe that such conduct was appropriate, reasonable, lawful, or necessary.

25. Defendants deliberately engaged in unlawful conduct to punish plaintiff for his proper and lawful exercise of his rights under the First Amendment to the United States Constitution.

26. By so doing, the individual defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, excessive force, and unlawful searches of person and property, and thereby violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the First, Fourth and Fourteenth Amendments of the United States Constitution.

27. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

## SECOND CAUSE OF ACTION

28. Plaintiff repeats the allegations contained in paragraphs "1" through "30" above as though stated fully herein.

29. Defendant City of New York was responsible for ensuring that reasonable and appropriate levels of supervision were in place within and over the NYPD.

30. Defendant had actual or constructive knowledge that there was inadequate supervision over and/or within the NYPD with respect to its members' abuse of their authority, use of excessive force, abuse of arrest powers, and other blatant violations of the United States Constitution and the rules and regulations of the NYPD. Despite ample notice of inadequate supervision, defendants took no steps to ensure that reasonable and appropriate levels of supervision were put place to reasonably ensure that NYPD members engaged in police conduct in a lawful and proper manner, including their use of their authority as law enforcement officers with respect to the general public, including, and specifically, the plaintiff herein.

31. The defendant City of New York deliberately and intentionally chose not to take action to correct the chronic, systemic, and institutional misuse and abuse of police authority by its NYPD employees, and thereby deliberately and intentionally adopted, condoned, and otherwise created through deliberate inaction and negligent supervision, an

NYPD policy, practice, and custom of utilizing illegal and impermissible searches, arrests, and detentions, and the manufacturing of evidence, in the ordinary course of NYPD business in flagrant disregard of the state and federal constitutions, as well as the Patrol Guide, up to and beyond the plaintiff's arrest.

32. All of the acts and omissions by the individual defendants described above were carried out pursuant to overlapping policies and practices of the municipal defendant in their capacities as police officers and officials pursuant to customs, policies, usages, practices, procedures and rules of the City and the NYPD, all under the supervision of ranking officers of the NYPD

33. The aforementioned customs, practices, procedures, and rules of the City and the NYPD include, but are not limited to, the following unconstitutional practices:

    a. Using excessive force on individuals, including but not limited to those who have already been handcuffed;

    b. Failing to supervise, train, instruct and discipline police officers and encouraging their misconduct;

    c. Discouraging police officers from reporting the corrupt or unlawful acts of other officers;

    d. Retaliating against officers who report police misconduct; and

    e. Failing to intervene to prevent the above-mentioned practices when such intervention is reasonably available.

43. The existence of aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in a long running list of civil actions in this Court and in the Southern District of New York.

44. In an Order dated November 25, 2009, in *Colon v. City of New York,* 09-CV-0008 (E.D.N.Y.), the Hon. Jack B. Weinstein stated:

> Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. Despite numerous inquiries by commissions and strong reported efforts by the present administration -- through selection of candidates for the police force stressing academic and other qualifications, serious training to avoid constitutional violations, and strong disciplinary action within the department -- there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged.

45. Furthermore, more than half the time that the Civilian Complaint Review Board refers substantiated complaints against officers to the NYPD for disciplinary action, the NYPD either simply issues a verbal warning or drops the charges altogether.

46. It is therefore clear that the municipal defendant has not only tolerated, but actively fostered a lawless atmosphere within the NYPD and that it was deliberately indifferent to the risk that the inadequate level of supervision would lead generally to the violation of individuals' constitutional rights and caused this violation of plaintiff's rights.

47. By reason thereof, defendant has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of her constitutional rights.

## DEMAND FOR A JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

ii. on the second cause of action, actual damages in an amount to be determined at trial;

iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988 and New York common law, disbursements, and costs of the action; and

iv. such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
       March 19, 2014

                LUMER & NEVILLE
                Attorneys for Plaintiff

By: _____
Michael Lumer, Esq.
225 Broadway, Suite 2700
New York, New York 10007
(212) 566-5060